IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
AUG - 6 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
AUG 2 5 2004

FILED
AUG 2 4 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| ROSIE LEE LANE, and JEROME LANE | ) ) ) |
| Plaintiffs, | ) ) |
| V. | ) ) |
| MIREYA G. MITCHELL # 17080, SERGEANT MICHAEL J. STACK, CHICAGO POLICE OFFICER, PATRICK THELEN #8931 CHICAGO POLICE OFFICER, JASON VACHY #14926, CHICAGO POLICE OFFICER DANIEL STANEK #10446, CHICAGO POLICE OFFICER BRIAN SPAIN #13126 CHICAGO POLICE OFFICER CLAUDE FISHER #17845, and the CITY OF CHICAGO Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

NO. 04 C 2356
Judge Coar
Magistrate Judge Ashman

## FIRST AMENDED COMPLAINT

NOW COME the Plaintiffs **ROSIE LEE LANE and JEROME LANE** by their undersigned attorney Melinda Power of West Town Community Law Office and complain against Defendants and allege as follows:



1

## JURISDICTION

1. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Section 1983, 28 U.S.C. Section 1331 and Section 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. 1367(a). The amount in controversy exceeds $10,000.00, exclusive of cost and interest against each Defendant.

## PARTIES

2. Plaintiff Rosie Lee Lane is a resident of the United States.
3. Plaintiff Jerome Lane is a resident of the United States
4. Defendant Mitchell #17080 was at all times material to this Complaint a Chicago Police Officer. She is sued individually.
5. Sergeant Stack was at all times material to this complaint a Chicago Police Officer. He is sued individually.
6. Defendant Patrick Thelen #8931 was at all times material to this Complaint a Chicago Police Officer. He is sued individually.
7. Defendant Jason Vachy #14926 was at all times material to this Complaint a Chicago Police Officer. He is sued individually.
8. Defendant Daniel Stanek #10446 was at all times material to this Complaint a Chicago Police Officer. He is sued individually.
9. Defendant Brian Spain #13126 was at all times material to this Complaint a Chicago Police Officer. He is sued individually.
10. Defendant Brian Spain #13126 was at all times material to this Complaint a Chicago Police Officer. He is sued individually.
11. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois and the City of Chicago and is the employer and principal of defendant police officers.
12. All Defendants were at all times material to this Complaint acting under color of law.

2

## STATEMENT OF FACTS

13. On January 16, 2004, seventy-five year old Rosie Lee Lane was in her apartment located at 3642 W. Douglas Blvd., Apt. 2A, Chicago, Illinois, where she has lived for thirty-two years.

14. On January 16, 2004, forty-three year old Jerome Lane, Ms. Lane's son, was visiting his mother and studying.

15. On January 16, 2004 at about 1:00 pm, at least five police officers came to the plaintiff Lane's apartment.

16. The defendant police officers, without any warning, notice or justification, broke the plaintiff's back door and rushed into her kitchen, damaging the kitchen door. Plaintiffs were present when this happened, and heard a loud crash. All defendant officers came into the plaintiff's apartment with guns, some of which were drawn.

17. Plaintiff Ms. Lane asked the defendants what they wanted. The defendant police officers told the plaintiffs that they were going to search for guns and drugs. The police did not tell either plaintiff at that time that they were looking for a Marvin Keys.

18. One of the defendant police officers took Ms. Lane by her arm and took her into her living room and made her sit down. When Ms. Lane repeatedly asked the defendants why they were there, the defendants refused to answer other than the initial response that they were looking for guns and drugs.

19. Some of the defendant police officers threw Mr. Lane on the floor and roughly handcuffed him and one of the defendant officers held a gun on him. Mr. Lane was left in this position for more than one half hour.

20. One of the defendant officers told Ms. Lane to tell him where the guns and drugs were or the defendant officers would tear up the house. Ms. Lane denied having any guns or drugs. The defendant police nevertheless continued to search the apartment.

21. Ms. Lane was very nervous, scared and upset as a result of this treatment. Further, the defendant officers kept her separated from her son, heightening her concern since she didn't know what was happening to her son.

22. The defendant officers repeatedly asked the plaintiff where was a Marvin Keys. Plaintiff Lane told them that Marvin Keys didn't live in her apartment.

23. Mr. Lane asked the defendant police officers for a warrant. When the defendant officers left, they gave the plaintiffs a warrant. The search warrant had been issued based on defendant Mitchell's statement and instructed the defendant officers to search 3642 W. Douglas, 2nd floor rear apartment east side. There is no 2nd floor rear apartment, east side, thus establishing that the warrant was inaccurate. Further, the search warrant specified that the police were looking for a Marvin Keys, age twenty.

24. 3642 W. Douglas is a six flat building. On each floor, the apartments are reached by walking up a staircase accessible from the front door. On each floor, there are two apartments, one on the east side and one on the west side of the staircase. The apartments are also accessible from the rear. In the rear, there is a staircase that goes up the middle of the apartment building to each floor. It is obvious that there is no rear apartment at 3642 W. Douglas when the defendant officers were in the rear of the building.

25. Both plaintiffs suffered great emotional distress, mental anguish and mental suffering and Jerome Lane suffered physical injuries as a result of the defendant police officer's actions. The plaintiff Ms. Lane sought medical attention as a result of the defendant's actions.

## COUNT I

## 42 U.S.C. 1983
## UNREASONABLE SEARCH AND SEIZURE

26. The plaintiffs reallege paragraphs 1-25 with the same force and effect as if fully set forth herein.

27. Defendant Chicago police officers conducted an unconstitutional search and seizure. The defendant officers improperly entered Plaintiff Lane's apartment by breaking down her door and conducted an extended and unreasonable search of her home with no lawful justification. Neither the stay in the plaintiff's residence

4

nor the manner in which the search was conducted was lawfully justified by the circumstances confronting the officers.

28. As a result of the violation of their constitutional rights described above, plaintiffs suffered damages, including, but not limited to emotional distress. The defendant's actions were unreasonable and were undertaken intentionally with willful indifference and malice towards the plaintiff's constitutional rights. These defendant's actions constitute an unreasonable search and seizure under the Fourteenth Amendment and the Fourth Amendment and are actionable under 42 U.S.C. 1983.

**WHEREFORE**, the Plaintiffs request that this Court award them substantial money damages to compensate for the injuries caused by the Defendants intentional or reckless, and illegal acts; and since Defendants' actions were malicious, willful and/or wanton Plaintiffs demand punitive damages and costs of this action and attorney fees.

## COUNT II

### 42 U.S. C. 1983
### EXCESSIVE FORCE

29. The plaintiffs reallege paragraphs 1-28 with the same force and effect as if fully set forth herein.

30. Defendants engaged in excessive force as described above, in violation of the United States Constitution. This misconduct was undertaken with malice, willfulness and reckless indifference to the rights of the plaintiffs.

31. As a result of the defendant's actions, the plaintiffs suffered pain and injury as well as emotional distress.

**WHEREFORE**, the Plaintiffs request that this Court award them substantial money damages to compensate for the injuries caused by the Defendants' intentional or reckless, and illegal acts; and since Defendants' actions

were malicious, willful and/or wanton Plaintiffs demand punitive damages and costs of this action and attorney fees.

## COUNT III

### SUPPLEMENTAL STATE LAW CLAIM - BATTERY

32. Plaintiffs reallege paragraphs 1-31 with the same force and effect as if fully set forth herein.

33. Without reason to believe that plaintiffs had committed any offense, one of the Chicago Police Officer defendants illegally grabbed the plaintiff Rosie Lane, and took her into the living room and wouldn't let her move. Some of the defendant police officers grabbed plaintiff Jerome Lane, threw him on the floor, handcuffed him and held a gun to his head. The actions of the defendants were the direct and proximate cause of the violation of Plaintiff's Fourth Amendment rights, physical injury, pain and suffering and loss of their personal freedom.

**WHEREFORE**, Plaintiffs demand damages against Defendants in actual or compensatory damages and since Defendant's actions were malicious, willful and/or wanton, Plaintiffs demand punitive damages and costs of this action and attorney fees. Defendants undertook the misconduct described in this Count within the scope of their employment and thus their employer, the City of Chicago, is liable for their actions.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM - ASSAULT

34. Plaintiffs realleges paragraphs 1-33 with the same force and effect as if fully set forth herein.

6